**Rudy Gabriel JEREZANO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–70772.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1998.

Decided March 2, 1999.

Simon Salinas, Tustin, California, for the petitioner.

John C. Cunningham, United States Department of Justice, Washington, D.C., for the respondent.

1. The Honorable Charles C. Lovell, United States District Judge for the District of Montana, sitting by designation.

2. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009, 3009–612 (1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656, 3657. The transitional rules under the IIRIRA apply to this case be-

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and LOVELL,[1] District Judge.

LOVELL, District Judge:

Petitioner Rudy Gabriel Jerezano, a 28 year old native and citizen of Honduras, fled that country, allegedly due to fear of persecution based on his membership in a human rights group there. He appeals the decision of the Board of Immigration Appeals (BIA) upholding both the immigration judge's (IJ) order of deportation in absentia and the IJ's denial of his motions to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1105a (1994).[2]

Jerezano entered the United States near San Ysidro, California, on January 20, 1990, avoiding inspection by an immigration officer. On September 13, 1995, the Immigration and Naturalization Service (INS) instituted deportation proceedings against him by issuing an order to show cause. At a hearing on February 14, 1996, Jerezano admitted the factual allegations of the show cause order and conceded deportability but declared his intention to apply for asylum. An asylum hearing was scheduled for 8:30 a.m. on June 17, 1996, at the Office of the Immigration Judge, 300 N. Los Angeles Street, Courtroom E.

On that date, Jerezano arrived in the courtroom "15 or 20 minutes" past the scheduled time of the hearing, The IJ had already conducted the hearing in absentia and, since Jerezano had previously conceded his deportability, ordered Jerezano deported. Jereza-

cause deportation proceedings were initiated before April 1, 1997, but the BIA's decision was entered after October 31, 1996. These rules, found in the notes to 8 U.S.C. § 1101, do not affect the review of Jerezano's claim except that his appeal from the BIA to this court must have been filed within 30 days. It is uncontroverted that Jerezano's appeal was timely under the transitional rules. Thus even though the transitional rules apply, this court still has jurisdiction pursuant to 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1), 110 Stat. at 3009–625.

no spoke with the IJ and explained that his tardiness was due to a stomach ailment that had kept him up most of the previous night. The IJ, still on the bench, refused to reopen the hearing and instead instructed Jerezano to file a formal motion to reopen.

Acting *pro se*, Jerezano subsequently filed two motions to reopen, both of which were denied by the IJ. Jerezano then appealed to the BIA, which affirmed the decision of the IJ. In its opinion, the BIA concluded that Jerezano had failed to appear at the hearing, and therefore was required to demonstrate "exceptional circumstances" to justify reopening the hearing, which he failed to do. Now represented by counsel, Jerezano appeals the BIA's decision to this court. He contends that his tardiness does not rise to the level of a failure to appear.

This court is no stranger to cases where aliens have not arrived promptly at immigration hearings. In *Sharma v. INS*, 89 F.3d 545 (9th Cir.1996), the IJ considered it a failure to appear and conducted an in absentia hearing when the petitioner arrived forty-five minutes to one hour late. *See id.* at 547. It is unclear whether the IJ was still on the bench when petitioner Sharma arrived, and this court did not directly address the issue of whether the IJ had properly determined that Sharma had failed to appear. Instead, the court held that the petitioner's excuse for his absenteeism was insufficient to warrant reopening the proceedings. In *Romani v. INS*, 146 F.3d 737 (9th Cir.1998), however, this court specifically held that petitioners who arrived timely at the courthouse but never entered the proper courtroom after being misled by their attorney's assistant had not failed to appear and were entitled to have their hearing reopened. *See id.* at 739.

Jerezano was 15 to 20 minutes late, but arrived while the IJ was still on the bench. Applying *Romani*, we hold that these circumstances do not constitute a failure to appear. Jerezano did appear but he was late; not so late, however, that the IJ (who was still hearing cases) could not have taken up the case at that time. It is accepted practice for courts to give tardy litigants a

second chance by putting them at the end of the calendar, and it seems both harsh and unrealistic to treat as a nonappearance a litigant's failure to be in the courtroom at the precise moment his case is called. While an IJ need not linger in the courtroom awaiting tardy litigants, so long as he is there on other business and the delay is short-as in this case-it is an abuse of discretion to treat a slightly late appearance as a nonappearance. Thus Jerezano has "never had [his] day in court to present [his] claims for asylum and withholding of deportation." *Id.* at 739. The IJ should have either reopened or continued the proceeding after Jerezano arrived. The failure to do so unreasonably deprived Jerezano of his due process right to a full and fair hearing. See *Burgos–Abril v. INS*, 58 F.3d 475, 476 (9th Cir.1995). Accordingly, the BIA erred in upholding the IJ's denial of Jerezano's motions to reopen.

The Petition is GRANTED and the matter REMANDED to the BIA for remand to the IJ with direction that Jerezano be permitted to present his claims for asylum and withholding of deportation or, in the alternative, voluntary departure.

**Petition GRANTED and REMANDED with directions.**