**Miguel BERNABE–MIGUEL; Juana Lopez–Diaz, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70256.
INS Nos. A70–167–534, A70–167–535.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**3.** The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252.

## MEMORANDUM [2]

Miguel Bernabe–Miguel and Juana Lopez–Diaz, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[3] and we deny the petition.

■ We review de novo whether deportation proceedings violated due process. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996). Because Petitioners received written notice of the date and time of their hearing, and were warned of the consequences of failing to appear, the IJ did not deny them due process by proceeding in their absence. *See id.* at 548.

■ We review for abuse of discretion the denial of a motion to reopen. *Id.* at 547. Because Petitioners failed to file a motion to reopen within 180 days after the IJ issued an in absentia deportation order, it was not an abuse of discretion to deny their motion to reopen as untimely. *See Singh–Bhathal v. INS*, 170 F.3d 943, 946 (9th Cir.1999).

The record contains no evidence that Petitioners were waiting in another courtroom at the time of their deportation hearing. *See* 8 C.F.R. § 3.2(c)(1) ("A motion to reopen proceedings ... shall be supported by affidavits or other evidentiary material."); *cf. Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir.2000). Therefore, we do not reach Petitioners' argument that they did

However, because under IIRIRA's transitional rules this new review provision does not apply to petitioners like Bernabe–Miguel and Lopez–Diaz whose deportation proceedings commenced before April 1, 1997, we continue to exercise jurisdiction under section 1105a(a). *See* IIRIRA § 309(c)(1); *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

not "fail to appear" under *Romani v. INS*, 146 F.3d 737 (9th Cir.1998) and *Jerezano v. INS*, 169 F.3d 613 (9th Cir.1999).

We also do not reach Petitioners' contention that they are entitled to suspension of deportation because that issue is not properly before this court.

PETITION FOR REVIEW DENIED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.