**Cecil Peter OLIVAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71310.

I & NS No. A72–913–096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided July 30, 2001.

Before: RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

Cecil Peters Olivas, a native and citizen of Belize, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to rescind an *in absentia* deportation order and to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1) and deny the petition.

I

Olivas contends that the BIA erred as a matter of law in finding that he failed to appear because he appeared while the court was still in session, albeit late. We disagree. Olivas was at least several hours late, *cf. Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir.1999) (finding abuse of discretion where arrival 15–20 minutes late treated as nonappearance); *see Sharma v. INS*, 89 F.3d 545, 548 (9th Cir.1996) (upholding *in absentia* ruling when petitioners arrived 45 minutes to an hour late), and the Immigration Judge (IJ) had already ruled on his case.

II

Olivas maintains that his due process rights were violated when the BIA, without considering his affidavit, and without a record of the colloquy between the IJ and him, noted that there was no evidence that Olivas appeared in court. As the issue of whether the IJ should have recorded the colloquy was not raised be-

* Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fore the BIA, it is waived. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000). In any event, there appears to be no prejudice. The BIA's decision indicates that it considered Olivas's primary claim, that he did not enter a *timely* appearance due to exceptional circumstances as explained in his affidavit (a broken watch, slow public transportation, and long lines), and nothing in the record suggests that Olivas in fact appeared in court before the IJ's decision reflects that he ruled. *See Ortiz v. INS*, 179 F.3d 1148, 1158 (9th Cir.1999) (requiring a showing of prejudice to succeed on a due process challenge to deportation proceedings).

### III

■ Alternatively, Olivas argues that the BIA should not have affirmed the IJ's determination that his failure to appear was not due to exceptional circumstances. However, the BIA could well hold his explanation for failing to appear is not exceptional. 8 U.S.C. § 1252b(c)(3)(A);[1] *see Romani v. INS*, 146 F.3d 737, 739 (9th Cir. 1998) ("exceptional circumstances" narrowly limited to circumstances such as serious illness or death but not other circumstances beyond the petitioner's control); *see also Sharma*, 89 F.3d at 547 (holding that lateness due to traffic congestion and trouble finding parking does not constitute "exceptional circumstances"). He submits that Congress did not intend to target aliens such as him because he did not intend to evade the jurisdiction of the immigration court, but Congress did not make good intentions an exceptional circumstance. Nor is it exceptional that Olivas has much to lose; so do all aliens who for some reason are eligible for adjustment of status, and that alone cannot excuse a failure to appear for a scheduled hearing.

### IV

■ Finally, Olivas argues that the "exceptional circumstances" standard of § 1252b(c)(3) violates his right to equal protection because the lesser "reasonable cause" standard is used to determine the validity of excuses for absences in exclusion proceedings. Distinctions between deportable and excludable aliens have long been recognized as valid, *see Landon v. Plasencia*, 459 U.S. 21, 31–34, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), but we need not decide the constitutional issue because opting to go to a class (with its attendant risks of distraction and delay) instead of to the hearing would not be reasonable, either.

PETITION FOR REVIEW DENIED.

---

1. The applicable law under the transitional rules is 8 U.S.C. § 1252b (1994). *See Lahmidi v. INS*, 149 F.3d 1011, 1013–16 (9th Cir. 1998).