**Antolin Nicolas CARRASCO, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72224.

Agency No. A74–811–308.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antolin Nicolas Carrasco, pro se, Vista, CA, Robert W. Yarra, Alfred L. Hansen, Fresno, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle Jentzer, Office of Immigration Litigation, Douglas E. Ginsburg, DOJ–U.S. Department of Justice, Washington, DC for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Antolin Nicolas Carrasco, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings after he was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996). We grant the petition.

The IJ abused his discretion by denying Carrasco's motion to reopen. *See Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir.1999) (holding that denying a petitioner's motion to reopen when he arrived 15 to 20 minutes late was an abuse of discretion). Carrasco concedes that he arrived 21 minutes late for his hearing, due to "unusually heavy automobile traffic," but his attorney was present and ready to proceed at 8:00 a.m., the scheduled hearing time, and so

informed the court. In light of these facts, the IJ's in absentia order of removal was an abuse of discretion because he treated a "slightly late appearance as a nonappearance." *See Jerezano*, 169 F.3d at 615.

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

