**Bertha RAMIREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72326.
Agency No. A74–820–550.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.\*\*

Decided Oct. 22, 2003.

Simon Salinas, Tustin, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,

---

\* The Court *sua sponte* changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Francisco, CA, William C. Peachey, US Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM***

Bertha Ramirez ("Ramirez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") denial of her motion to reopen an *in absentia* order of deportation. We review the BIA's denial of a motion to reopen deportation proceedings for abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and we grant the petition.

Ramirez contends that the IJ abused his discretion in denying her motion to reopen because she did not "fail to appear" but was instead late to her deportation hearing. Under certain circumstances, a late arrival to a deportation hearing is not a "failure to arrive." *See Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir.1999) (holding that petitioner did not "fail to appear" where he arrived 15–20 minutes late and while the IJ was still on the bench); *Romani v. INS*, 146 F.3d 737 (9th Cir.1998) (holding that petitioners did not "fail to appear" where they were present in the courthouse but entered wrong courtroom due to misdirection of counsel).

We remand to the BIA so that it can remand to the IJ for an inquiry into the circumstances surrounding Ramirez's arrival for her deportation hearing.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The stay of deportation granted on September 9, 2002, shall remain in effect pending the IJ's decision on remand.

**PETITION FOR REVIEW GRANTED. REMANDED.**