**Gualberto CHAVEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71982.

Agency No. A70–915–797.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 19, 2004.

Gualberto Chavez, Santa Ana, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Ser-

vice as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suit-

## MEMORANDUM***

Gualberto Chavez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings after he was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review the denial of a motion to reopen for abuse of discretion. *See Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890–91 (9th Cir.2002). We grant the petition.

The IJ abused his discretion by denying Chavez's motion to reopen. *See Jerezano v. INS,* 169 F.3d 613, 615 (9th Cir.1999) (holding that denying a petitioner's motion to reopen when he arrived 15 to 20 minutes late was an abuse of discretion). Chavez stated in his motion to reopen that automobile problems caused him to arrive late for his deportation hearing, although his attorney was present when the IJ ordered him deported in absentia. Chavez stated that he arrived while court was still in session, and the IJ informed him, off the record, to talk to his lawyer because he had already been ordered deported in absentia. In light of these facts, the BIA erred in upholding the IJ's denial of Chavez's motion to reopen. *See id.*

The contention that the BIA's decision without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW GRANTED; REMANDED.**