**Evgueni Ivanovich DOMRATCHEV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74123.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., Peter D. Keisler, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Evgueni Ivanovich Domratchev, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen removal proceedings conducted *in absentia.* We have jurisdiction

under 8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to reopen removal proceedings, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We grant the petition and remand for further proceedings.

Domratchev contends that the IJ abused her discretion in denying Domratchev's motion to reopen because he did not "fail to appear" at his removal hearing. Rather, he arrived ten minutes late while the IJ was still on the bench. We conclude that under these circumstances, Domratchev did not "fail to appear." *See Jerezano v. INS,* 169 F.3d 613, 615 (9th Cir.1999) (holding that petitioner did not "fail to appear" where he arrived 15–20 minutes late and while the IJ was still on the bench).

Contrary to the government's contention, the statute and regulations do not require that the affidavits accompanying a motion to reopen be signed by petitioner. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be accompanied by "affidavits or other evidentiary material"); 8 U.S.C. § 1229a(c)(6)(B) (same).

Accordingly, we grant the petition and remand to the BIA for remand to the IJ with direction that Petitioner be permitted to present his claims for asylum and withholding of removal. *See Jerezano,* 169 F.3d at 615.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.