**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan LOPEZ–CANALES, aka
Juan Jose Calderon Lopez,
Defendant—Appellant.**

No. 03–50107.

D.C. No. CR 01–0850 GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Dec. 2, 2004.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Juan Lopez–Canales appeals the district court's denial of his motion to dismiss the indictment charging him with illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Lopez–Canales contends that the indictment should have been dismissed because the prior, in absentia, deportation violated his due process rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A defendant charged with illegal reentry under 8 U.S.C. § 1326 may collaterally attack the underlying removal order under the due process clause because the underlying order serves as a predicate element of the offense. *United States v. Pallares–Galan*, 359 F.3d 1088, 1095 (9th Cir.2004). Lopez–Canales cannot challenge the validity of the underlying order unless he demonstrates that (1) he exhausted any administrative remedies available to him to appeal the removal order; (2) the underlying removal proceedings deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamen-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**342**

tally unfair.[1]  8 U.S.C. § 1326(d); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir.2004). The underlying removal order is fundamentally unfair if (1) the defendant's due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of those defects. *Id.* In order to establish prejudice, Lopez-Canales must show that he had a plausible ground for relief from deportation. *Id.* at 1050. We review "de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding." *Id.* at 1047.

Lopez-Canales relies on *Jerezano v. INS*, 169 F.3d 613 (9th Cir.1999), to argue that the in absentia deportation proceeding violated due process.[2] The government urges that Lopez-Canales' case is more similar to *Sharma v. INS*, 89 F.3d 545 (9th Cir.1996). We need not decide, however, whether there was a due process violation because Lopez-Canales has failed to make any showing of prejudice.

In order to show prejudice, Lopez-Canales "must make a plausible showing that the Attorney General would have exercised discretion in his favor because of the unique circumstances of his own case." *United States v. Corrales-Beltran*, 192 F.3d 1311, 1318 (9th Cir.1999). We disagree with Lopez-Canales' contention that the district court should have applied the standard for establishing prejudice cited in *Cano-Merida v. INS*, 311 F.3d 960 (9th Cir.2002). *Cano-Merida* provides that a petitioner must show that the Immigration Judge's ("IJ") conduct potentially affected the outcome of the proceedings. *Id.* at

965. *Cano-Merida* and the cases on which it relies are procedurally distinguishable from Lopez-Canales' claim because they were on direct review of deportation proceedings and involve claims of due process violations of those proceedings. *See, e.g., id.* at 962–64 (reviewing the Board of Immigration Appeals' ("BIA") denial of a motion to reconsider the IJ's denial of a motion to reopen); *Agyeman v. INS*, 296 F.3d 871, 875 (9th Cir.2002) (reviewing the BIA's affirmance of the IJ's denial of suspension of deportation).

By contrast, our precedent is clear that the standard for establishing prejudice where a defendant in a § 1326 case collaterally attacks an underlying deportation order is that the defendant must show that he has "a plausible claim for discretionary relief." *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir.2004); *see also, e.g., Ubaldo-Figueroa*, 364 F.3d at 1050 (stating that the defendant must show that he had a plausible ground for relief from deportation); *United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir.2000) (stating that the defendant's collateral challenge to an underlying deportation order failed because he could not demonstrate plausible grounds for relief from deportation). Lopez-Canales had the opportunity to present evidence that he had a plausible ground for relief from deportation but failed to present any such evidence.

The judgment of the district court accordingly is

**AFFIRMED.**

---

1. The parties do not discuss the first two requirements of 8 U.S.C. § 1326(d), instead focusing only on the question of whether the entry of the order was fundamentally unfair.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.