**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHOT YEREMYAN, | No. 09-70120 |
| Petitioner, | Agency No. A097-854-135 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011**

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Ashot Yeremyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen proceedings to rescind an in absentia removal order, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004), and we deny in part, and dismiss in part, the petition for review.

The agency did not abuse its discretion in denying Yeremyan's motion to reopen where Yeremyan failed to demonstrate the existence of "exceptional circumstances . . . beyond the control of the alien" that would warrant reopening under 8 U.S.C. § 1229a(b)(5)(C)(i). *See* 8 U.S.C. § 1229a(e)(1); *see also Sharma v. INS*, 89 F.3d 545, 547-48 (9th Cir. 1996) (traffic congestion and difficulty parking insufficient to require reopening proceedings).

We lack jurisdiction to consider Yeremyan's contention that his case is analogous to that of the alien in *Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir. 1999) because Yeremyan failed to exhaust this contention at the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**