NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO LUEVANO-ZAPATA<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III,<br>ATTORNEY GENERAL<br><br>Respondent. | No. 14-71870<br><br>BIA No. A088-447-602<br><br>MEMORANDUM[*] |

Appeal from the Board of Immigration Appeals

Submitted August 15, 2017[**]
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[***]
District Judge.

Alejandro Luevano-Zapata ("Petitioner") seeks review of a Board of

Immigration Appeals ("BIA") decision dismissing his appeal of the denial of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

motion to reopen an *in abstentia* removal order, the latter of which was entered after Petitioner failed to appear at a scheduled removal hearing. In his petition for review to this Court, Petitioner raises two issues: (1) whether the BIA erred in finding that his motion to reopen the late arrival claim was untimely; and (2) whether the BIA erred in determining, regardless of the timeliness of Petitioner's motion, that he failed to appear. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny Petitioner's petition for review and affirm the BIA's decision.

Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this disposition. We review the BIA's denial of a motion to reopen and rescind for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). The BIA abuses its discretion "when it acts 'arbitrarily, irrationally, or contrary to the law.'" *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (quoting *Lainez-Ortiz v. I.N.S.*, 96 F.3d 393, 395 (9th Cir. 1996)).

Regardless of the timeliness of Petitioner's motion, the BIA, proceeding to the merits of the claim, did not err in finding that Petitioner failed to appear. To determine whether a petitioner failed to appear, we look to whether the Immigration Judge was still on the bench when the late petitioner arrived. *See,*

-2-

*e.g.*, *Perez v. Mukasey*, 516 F.3d 770, 774–75 (9th Cir. 2008); *Valencia-Fragoso v. I.N.S.*, 321 F.3d 1204, 1205 (9th Cir. 2003) (per curiam); *Jerezano v. I.N.S.*, 169 F.3d 613, 615 (9th Cir. 1999).

Here, the BIA correctly determined that Petitioner failed to appear because, while Petitioner produced evidence that he arrived to his hearing approximately 45 minutes late, he was unable to establish that the Immigration Judge was still on the bench when he arrived. In fact, Petitioner concedes that the courtroom door was locked when he arrived. Accordingly, the BIA did not abuse its discretion in declining to reopen the *in absentia* removal order because the BIA correctly determined that Petitioner failed to appear. Thus, the BIA's dismissal of Petitioner's appeal was proper, regardless of the timeliness of Petitioner's motion to reopen.

For these reasons, the BIA's decision is **AFFIRMED** and Petitioner's petition for review is **DENIED.**