# In re Kanwaljit SINGH, Respondent

### File A70 942 039 - Los Angeles

*Decided as amended August 11, 1997[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

*Matter of Shaar*, 21 I&N Dec.541 (BIA 1996), is not applicable to an alien who was ordered deported at an in absentia hearing and has therefore not remained beyond a period of voluntary departure; consequently, the proceedings may be reopened upon the filing of a timely motion showing exceptional circumstances for failure to appear. *Matter of Shaar, supra*, distinguished.

David Glenn Spivak, Esquire, Beverly Hills, California, for respondent

Before:Board Panel: SCHMIDT, Chairman; HURWITZ and ROSENBERG, Board Members.

SCHMIDT, Chairman:

The respondent has filed a timely appeal of an Immigration Judge's September 9, 1996, denial of his motion to reopen to rescind an in absentia deportation order entered on March 8, 1996. The appeal will be sustained. The request for oral argument is denied. 8 C.F.R. § 3.1(e) (1997).

## I. PROCEDURAL HISTORY

On March 8, 1996, an Immigration Judge ordered the respondent deported to India in absentia after the respondent failed to appear for his initial deportation hearing. On July 9, 1996, the respondent submitted a motion to reopen and requested a stay of deportation. He stated in this motion that he is the beneficiary of a visa petition filed on his behalf by his United States citizen wife and that his step-son's illness on the day of his initial hearing prevented him from appearing at the hearing at the scheduled time. The Immigration Judge denied the motion on July 23, 1996, on evidentiary grounds, stating that the respondent had failed to provide affidavits in support of his claim of reopening based on exceptional circumstances.

---

[1] On our own motion, we amend the June 26, 1997, order in this case. The amended order makes editorial changes consistent with designating the case as a precedent.

Subsequently, on August 21, 1996, the respondent filed with the Immigration Court a request to reconsider the previously filed motion to reopen. He attached to this motion several exhibits, including a completed Application to Register Permanent Residence or Adjust Status (Form I-485) and a signed affidavit by the respondent in which he stated that he was 15 minutes late for his deportation hearing because he did not want to leave his ill step-son unattended at home and had to wait for his wife to return from a trip to the market where she had gone to buy medication for their child. The Immigration and Naturalization Service filed a memorandum indicating it did not oppose reopening.

On September 9, 1996, the Immigration Judge entered a decision denying reopening, stating that he lacked jurisdiction under *Matter of Shaar*, 21 I&N Dec. 541 (BIA 1996), as a result of the expiration of the respondent's voluntary departure period. It is this denial that is being appealed.

## II. ARGUMENT ON APPEAL

In the Notice of Appeal and his accompanying brief, the respondent asserts that the Immigration Judge erroneously denied reopening. The respondent contends that, contrary to the decision of the Immigration Judge, *Matter of Shaar, supra*, does not bar reopening, as the respondent had never been granted voluntary departure.

## III. ANALYSIS

We agree with the respondent. The Immigration Judge's conclusion that he was divested of jurisdiction over the motion to reopen and barred from granting reopening by this Board's decision in *Matter of Shaar, supra*, is incorrect. In *Matter of Shaar* we held that neither the filing of a motion to reopen prior to the expiration of a respondent's voluntary departure period nor the Immigration Judge's failure to adjudicate the motion prior to the expiration of that period constitutes exceptional circumstances on which reopening may be based.

In the instant case, however, overstay of a voluntary departure period is not an issue. The respondent's March 8, 1996, in absentia deportation order does not provide him with a period to voluntarily depart the United States. Instead, it orders his immediate deportation to India. Accordingly, the respondent could not have remained in the United States beyond his period of voluntary departure because this form of relief was never granted. Therefore, Matter of Shaar, supra, is not directly applicable to the facts at hand and does not preclude reopening based on exceptional circumstances.

Turning to the merits of the respondent's motion to reopen, we note that section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3) (1994), provides in relevant part that a motion to reopen to rescind an in absentia deportation order may be granted if exceptional

circumstances are shown and the motion is filed within 180 days of the in absentia deportation order. Section 242B(f)(2) of the Act encompasses compelling circumstances such as those described by the respondent.

The respondent has submitted a signed affidavit evidencing that his step-son's illness was responsible for his 15-minute delay in arriving at his deportation hearing. Moreover, the Service does not contest the fact that exceptional circumstances have been established, nor does it oppose reopening the instant matter. Under these circumstances, we conclude that the respondent has established exceptional circumstances which merit reopening. Finally, the respondent's August 21, 1996, motion was filed within the statutorily required 180-day period following his March 8, 1996, in absentia deportation order. As the statutory requirements for reopening have been met, the appeal will be sustained and reopening will be granted.

**ORDER:** The appeal is sustained, the proceedings are reopened, and the record is remanded to the Immigration Judge for further proceedings.