**Zhao Quan CHEN, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 99–4210.**

United States Court of Appeals,
Second Circuit.

Dec. 18, 2003.

Theodore N. Cox, New York, NY, for
Petitioner.

Megan L. Brackney, Assistant United
States Attorney (Kathy S. Marks, Gideon
A. Schor, Assistant United States Attorneys, on the brief), for James B. Comey,
United States Attorney for the Southern
District of New York, New York, NY, for
Respondent.

Present: NEWMAN, CARDAMONE, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner, Zhao Quan Chen, petitions for review of a decision of the BIA, upholding the denial of his motion to reopen the deportation proceeding held in his absence, which resulted in the Immigration Judge's ("IJ"'s) entry of an *in absentia* deportation order against him. For the reasons that follow, we deny the petition.

Zhao Quan Chen, a native and citizen of the People's Republic of China, was admitted to the United States on September 11, 1990, as a non-immigrant visitor for pleasure with authorization to remain in the country for a temporary period not to exceed March 12, 1991. Chen, however, stayed in the United States beyond this authorized period and in fact has not yet left the country. During the period from August 24, 1993, to June 20, 1994, Chen submitted numerous applications to the Immigration and Naturalization Service ("INS"), to wit: an I–131 application for advance parole, two I–485 applications for adjustment of status pursuant to the Chinese Student Protection Act of 1992, and an application for asylum. Prior to July 17, 1997, the INS denied each of these applications, other than the asylum application.

On April 4, 1996, the INS served Chen with an Order to Show Cause and Notice of Hearing, charging that he was subject to deportation pursuant to section 241(a)(1)(B) of the Immigration and Nationality Act ("INA") because he had remained in the United States for a "time longer than permitted." Subsequently, the INS notified Chen that a hearing in his case had been scheduled for July 17, 1997, at a specified time and location. On that day, Chen was not present at the designated time and place of the hearing, and the IJ, consequently, ordered Chen deported *in absentia* pursuant to section 242B of the INA, 8 U.S.C. § 1252b(c)(1) (1994), based on admissions made by Chen in his I–131 and I–485 applications.

On August 14, 1997, almost a month after the scheduled hearing date, Chen moved to reopen the deportation proceedings held in his absence. Chen argued that he did in fact appear in the Immigration Court on July 17, 1997, but that he missed his hearing because the Greyhound bus that he took to New York from another state was running behind schedule. By decision, dated August 15, 1997, the IJ denied Chen's motion, on the ground that Chen had failed to establish that his failure to appear was due to exceptional circumstances as required by 8 U.S.C. § 1252b(c)(3) (1994). The IJ noted that Chen had not submitted any evidence to support his proffered excuse, had not bothered to explain why he was in another state the day before his hearing, and had provided an address that differed from his address of record.

On September 12, 1997, Chen appealed the IJ's decision to the BIA. Chen represented that he was required to be in Portland, Maine for work the day before his hearing and that a "traffic jam" delayed his Greyhound bus, causing him to "miss[ ] the court hearing completely." In support of his appeal, Chen submitted a statement issued by the South Portland Fire/Rescue Service dated July 27, 1997, a copy of an envelope addressed to him at a location in Portland, Maine, and copies of Greyhound bus tickets from New York to Boston, dated September 4, 1997, and from Boston to Portland, Maine, dated September 3, 1997. Chen represented that these documents proved that while his permanent address was in New York, he worked in Portland, Maine. By Order, dated November 9, 1999, the BIA dismissed Chen's

appeal. The BIA held that even accepting Chen's allegations as true, Chen had failed to show that his absence was due to "exceptional circumstances." The BIA explained that Chen had "failed to adequately plan for the possibility of heavy traffic, and [that] his own tardiness caused him to fail to appear at the Immigration Court in a timely manner." The BIA further noted that while "at least two federal circuit courts of appeals [had] issued decisions" finding that the board had applied "too stringent a definition of 'failure to appear,'" it was "unaware of any case from the United States Court of Appeals for the Second Circuit … that ha[d] reached the same result."

Chen now petitions for review of the BIA's decision.

We review the BIA's denial of a motion to reopen a deportation proceeding for abuse of discretion. *Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir.1999). In so doing, "[w]e review the BIA's underlying conclusions of law *de novo*, with the caveat that the BIA's interpretations of ambiguous provisions of the INA are owed substantial deference unless 'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* at 624 (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

The parties agree that this case is governed by section 242B(c) of the INA,[1] which was added by the Immigration Act of 1990, § 545(a), Pub.L. No. 101–649, 104 Stat. 4978, 5061–62. In cases arising under section 242B, an alien, who after receiving paper notice of a deportation pro-

ceeding "does not attend [the] proceeding … shall be ordered deported … in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable." 8 U.S.C. § 1252b(c)(1) (1994). Pursuant to the terms of the statute, "[s]uch an order may be rescinded" in only one manner here relevant: "[U]pon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A) (1994). Subsection (f)(2) narrowly defines exceptional circumstances as referring to "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2) (1994).

■ Chen's first argument on appeal is that he did not fail to appear, but instead simply arrived late, for his deportation hearing. He, consequently, maintains that the strictures of section 242B(c) do not apply to his case. In this regard, the Ninth Circuit has held and the Seventh Circuit has suggested that it is an abuse of discretion for an IJ to treat a late appearance as a non-appearance in certain circumstances (for example, where the delay is brief and the disruption minimal). *See Nazarova v. INS*, 171 F.3d 478, 485 (7th Cir.1999); *Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir.1999). We sympathize with the sentiments expressed in these decisions, and might in appropriate circumstances so hold, but those circumstances are not present here. Even assuming ar-

---

1. Section 242B of the INA has been repealed and replaced by section 308(b)(6) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, 3009–615. However, since Chen's deportation proceed-

ing commenced before April 1, 1997, the effective date of IIRIRA, section 242B applies here. *See* IIRIRA § 309, Pub.L. No. 104–208, 110 Stat. 3009, 3009–625, *amended by* Pub.L. No. 104–302, § 2(2), 110 Stat. 3656, 3657 (1996).

*guendo* that it is an abuse of discretion for an IJ to treat all late appearances as absences, Chen has not set forth sufficient facts to establish that the IJ committed such an abuse in his case. As a preliminary matter, Chen did not append copies of his bus tickets from Portland, Maine to New York to his motion to reopen or to his subsequent appeal papers. There is thus no concrete evidence, other than Chen's own self-serving statements, supporting his version of events.

Moreover, even if accepted as true, Chen's allegations are wanting. In his motion to reopen and subsequent appeal to the BIA, Chen did not bother to specify the time of his alleged arrival in Immigration Court on July 17, though he did acknowledge that he "missed the court hearing completely." There is thus no basis to support a finding that Chen arrived only a few minutes, as opposed to several hours, late. Nor did Chen anywhere assert that at the time of his arrival, the IJ was still on the bench hearing cases, so that the IJ could have promptly, with little inconvenience, reopened Chen's case. Finally, nowhere did Chen allege that he alerted or attempted to alert an immigration official to his situation upon his alleged arrival in Immigration Court on July 17. Barring such action, at least prior to the filing of Chen's motion to reopen on August 14, 1997, the IJ cannot reasonably be expected to have known that Chen did at some point arrive in Immigration Court on the designated hearing date, let alone to have reopened Chen's case on this basis. Considering the aforementioned deficiencies in Chen's pleadings, we cannot fault the IJ for concluding that Chen failed to appear for his July 17 hearing.

■ Chen next argues that the BIA erred by failing to conclude that the traffic jam he allegedly encountered constituted an exceptional circumstance requiring re-scission of the IJ's *in absentia* deportation order pursuant to section 242B(c)(3)(A). Construing section 242B(f)(2), this Court has held that exceptional circumstances are present only where compliance is "impossible for physical reasons, such as serious illness, or by reason of a moral imperative, such as the death of an immediate relative." *Mardones,* 197 F.3d at 624. Given this restrictive standard, most courts to have considered the question have declined to find that delays caused by traffic or other car troubles constitute exceptional circumstances, excusing any resulting non-appearances. *See, e.g., de Morales v. INS,* 116 F.3d 145, 148–49 (5th Cir.1997) (upholding the BIA's determination that the mechanical failure of the petitioner's car on the way to the hearing did not constitute an exceptional circumstance within the meaning of the Act); *Sharma v. INS,* 89 F.3d 545, 547–48 (9th Cir.1996) (declining to find exceptional circumstances where the petitioners arrived at their deportation hearing between 45 minutes and 1 hour late due to traffic congestion and trouble finding parking).

We agree that traffic jams, common as they are, generally do not qualify as exceptional circumstances. While we do not maintain categorically that traffic congestion could never rise to the level of the exceptional, we believe that only in the rare case, where a combination of circumstances is present, could this occur. Chen has provided us with no reason to believe that his case falls into this rare category. Chen did not allege in his motion to reopen or in his subsequent appeal to the BIA that the traffic he encountered was of such a severe and extraordinary nature that he could not reasonably have been expected to account for such an eventuality. Nor does he claim that other compelling circumstances beyond his control prevented him from making more effective efforts to

reach the Immigration Court on time. In the absence of such allegations, we conclude that the BIA rightly found that Chen failed to show that his absence was due to exceptional circumstances.

■ Finally, Chen argues that it is an abuse of discretion for the BIA to deny reopening an *in absentia* deportation proceeding where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation. In this regard, Chen relies on *Singh v. INS*, 295 F.3d 1037 (9th Cir.2002), and *Chowdhury v. Ashcroft*, 241 F.3d 848 (7th Cir. 2001). In *Singh*, the Ninth Circuit concluded that the BIA abused its discretion in ordering deported *in absentia* an alien who was eligible for adjustment of status as the spouse of a U.S. citizen and who was the beneficiary of an immediate relative petition. 295 F.3d at 1040. Similarly, in *Chowdhury*, the Seventh Circuit refused to permit what it deemed the absurd result of deporting an alien whose immediate relative petition was approved while his appeal from an *in absentia* deportation order was pending. 241 F.3d at 849, 853. However, Chen, unlike the petitioners in *Singh* and *Chowdhury*, is not the beneficiary of an immediate relative petition. On the contrary, Chen's only hope for relief remains a discretionary grant of asylum pursuant to 8 U.S.C. § 1158(b)(1) (2000). In *Valencia–Fragoso v. INS*, 321 F.3d 1204 (9th Cir.2003) (per curiam), the Ninth Circuit itself made clear that *Singh'*s admonition does not apply where, as here, the alien is pursuing only discretionary relief from deportation. *Id.* at 1206. We are, moreover, skeptical about the underlying merits of Chen's asylum application given that in 1993 Chen sought permission from the INS to return to China for two and a half months to visit his mother, who was allegedly ill. Chen's final argument therefore also lacks merit.

Accordingly, for the foregoing reasons, we affirm the BIA's denial of Chen's motion to reopen the deportation proceedings held in his absence and deny Chen's petition.