United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2005**

Charles R. Fulbruge III
Clerk

REVISED APRIL 20, 2005
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60242

_____

LUIS ENRIQUE ALARCON-CHAVEZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A78 976 454)

_____

Before JONES, WIENER, and CLEMENT, Circuit Judges.

WIENER, Circuit Judge:

Petitioner Luis Enrique Alarcon-Chavez ("Petitioner") appeals the decision of the Board of Immigration Appeals ("BIA") upholding without reasons or opinion, both the Immigration Judge's ("IJ") order of deportation in absentia and the IJ's denial of Petitioner's motion to reopen. We grant the petition, reverse both orders, and remand with instructions.

## I. FACTS AND PROCEEDINGS

A citizen of Cuba, Petitioner crossed the border at Brownsville, Texas in March 2002 without proper entry documents and

was placed in removal proceedings. Three days later, the Immigration and Naturalization Service, now Department of Homeland Security ("DHS"), found that Petitioner had a credible fear of returning to Cuba and paroled him into the United States the following day. Petitioner subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture.

Although Petitioner had appeared timely for several prior hearings, on January 30, 2003 he arrived in the courtroom twenty minutes late for his 8:30 a.m. asylum hearing. According to his uncontradicted affidavit testimony, Petitioner had been residing in Austin and making the trip to San Antonio by car for all previous hearings. For those hearings, Petitioner's uncle had driven him to the San Antonio courthouse. On January 30th, however, Petitioner had to travel on his own without help from his uncle.

Traveling on I-35, Petitioner intended to take the "Corpus Christi" exit, but mistakenly took the adjoining "N. Alamo" exit, because he had become confused in the high-density, rush-hour traffic on the interstate. This resulted in his heading in the wrong direction for a brief period. As a result, Petitioner arrived at the courthouse at 8:44, while the IJ was still on the bench. By the time Petitioner entered the courtroom at 8:50, however, the IJ had declared that Petitioner had "failed to appear" for the hearing, found him removable, issued an order of deportation in absentia, and exited the courtroom. Petitioner

states, and the government does not contest, that he arrived at the courtroom no more than five minutes after the IJ had issued his order and left; and that the IJ, who by then was just across the hall from the courtroom, was notified immediately of Petitioner's presence but refused to return and proceed with the hearing.

Petitioner promptly filed a timely motion to reopen the removal proceeding and to rescind the in absentia removal order. The IJ denied the motion, ruling that Petitioner did not establish "exceptional circumstances" for his "failure to appear." On appeal to the BIA, the IJ's decision was affirmed without opinion.

Petitioner seeks review of the BIA's decision. He argues in the alternative that (1) as a matter of law his arrival at the courtroom twenty minutes late was not a "failure to appear," and (2) even if it were, the IJ and BIA erred in denying his motion to reopen because he had demonstrated exceptional circumstances for his failure to appear at the scheduled hearing precisely at 8:30 a.m. As we conclude that it was legal error, and therefore abuse of discretion, to hold that Petitioner's twenty-minute tardiness constituted a failure to appear, we do not reach Petitioner's alternative argument regarding the question of exceptional circumstances.

## II.  ANALYSIS

We generally review only the BIA's decision in immigration proceedings because the BIA conducts a de novo review of the

-3-

administrative record.[1]  When the BIA affirms the IJ's decision without an opinion, however, we review the IJ's decision.[2]  The denial of a motion to reopen is reviewed for abuse of discretion, and the determinations of law are reviewed <u>de novo</u>.[3]  It is by definition an abuse of discretion when an IJ makes an error of law[4] or "has considered the wrong factors in applying his discretion (the judgment call was made as to issues or factors not within the scope of his discretionary powers)."[5]

An order of removal may be entered <u>in absentia</u> if (1) the alien is properly notified of the hearing date and time, yet fails to attend the scheduled hearing, and (2) the DHS is able to establish that the alien is removable.[6]  We are convinced beyond cavil that there was no <u>failure</u> to attend in this instance, so we grant the petition.  We recognize the limited nature of our review of determinations by an IJ or the BIA, but we are not left completely fettered and unable to address what amounts to a clear abuse of discretion —— an arbitrary exercise of judicial fiat at the expense of a powerless alien whom the DHS had already found to

---

[1] <u>De Morales v. INS</u>, 116 F.3d 145, 147 (5th Cir. 1997).

[2] <u>Mikhael v. INS</u>, 115 F.3d 299, 302 (5th Cir. 1997).

[3] <u>De Morales</u>, 116 F.3d at 147.

[4] <u>United States v. Lipscomb</u>, 299 F.3d 303, 338 (5th Cir. 2002) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 100, (1996)).

[5] <u>Id.</u> at 339 (quoting 1 STEVEN ALAN CHILDRESS & MARTHA S. DAVIS, FEDERAL STANDARDS OF REVIEWS § 4.01(A) (3d ed. 1999).

[6] 8 U.S.C. § 1229a(b)(5)(A).

have a credible fear of returning to Cuba.

Petitioner made the unfortunate but fully understandable mistake of taking the wrong exit off the busy interstate on the way to his hearing, and as a result was a mere twenty minutes late in arriving in the courtroom. He had been on time to all of his prior hearings, a fact noted both by Petitioner and by the government in its brief. On arrival, he made every effort to get the IJ to resume his hearing, and when he learned that the IJ steadfastly refused to conduct the hearing, Petitioner promptly filed a motion to reopen a mere five days later.

This is not even a case of a petitioner who was one hour late[7] or who made no effort to avoid entry of an in absentia order then failed to contact the court for more than two weeks after the deportation order was entered.[8] Rather it is an example of what the late Chief Judge of this court, John R. Brown, frequently referred to as "the curse of the robe" when cautioning judges to remember that they are appointed, not anointed.

Our holding today will not require IJs to tolerate substantially tardy litigants, or to entertain late attempts to excuse true failures to appear. When, however, (1) there is no failure but only a slight tardiness, (2) the IJ is either still on the bench or recently retired and still close by, and (3) the time

---

[7] See Sharma v. I.N.S., 89 F.3d 545 (9th Cir. 1996).

[8] See De Morales, 116 F.3d at 149; see also Chen v. I.N.S., 85 Fed. Appx. 223, 224 (2d Cir. 2003) (unpublished) (petitioner waited almost a month after the scheduled hearing date to move to reopen).

of the immigrant's delayed arrival is still during "business hours," it is an abuse of discretion — if not worse — to treat such slight tardiness as a non-appearance.[9] "Given the severity of the consequence, the minimal procedural interference, and the serious claim for relief from deportation"[10] via asylum, the refusal of the IJ to step back across the hall and into the hearing room to consider Petitioner's case is unacceptable. The applicable statute does not encompass such a draconian result from a momentary <u>de minimis</u> delay.[11]

### III. CONCLUSION

We GRANT the petition and REMAND to the BIA with instructions to remand this matter for Petitioner to present his claims, leaving to the discretion of the BIA whether to remand to a different IJ.

---

[9] <u>See</u> <u>Jerezano v. I.N.S.</u>, 169 F.3d 613 (9th Cir. 1999). <u>Cf.</u> <u>Nazarova v. I.N.S.</u>, 171 F.3d 478, 485 (7th Cir. 1999) (suggesting that it is an abuse of discretion for an IJ to treat a late appearance as a non-appearance when the delay is brief and the disruption minimal); <u>Romani v. I.N.S.</u>, 146 F.3d 737, 739 (9th Cir. 1998) (when the petitioners were in the courthouse but went to the wrong courtroom, it was not a "failure to appear" under the predecessor statute to § 1229a(b)(5)(A)); <u>Chen</u>, 85 Fed. Appx. at 225 (sympathizing with the holdings in Jerezano and Nazarova and suggesting that in appropriate circumstances the second circuit might hold the same).

That the IJ was still on the bench at the time the petitioner arrived in <u>Jerezano</u> is a distinction without a difference; a man's fate should not turn on whether he had the good fortune of other hearings being scheduled to begin subsequent to his own.

[10] <u>Thomas v. I.N.S.</u>, 976 F.2d 786, 791 (1st Cir. 1992) (Breyer, J., dissenting).

[11] <u>Nazarova</u>, 171 F.3d at 485.