United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41624
Summary Calendar

ISMAEL GALVAN,

Petitioner-Appellant,

versus

A. G. WINFREY, Interim Field Office Director, DHS HLG/DO;
UNITED STATES OF AMERICA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-213
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Ismael Galvan challenges the district
court's denial of his petition for habeas corpus, contending that
he is entitled to a discretionary waiver of admissibility under
former Immigration and Nationality Act § 212(c). The parties
dispute whether we should treat this case as an appeal of the
denial of a habeas corpus petition under 28 U.S.C. § 2241 or a
petition for review under the REAL ID Act of 2005, Pub. L. No.
109-13, 119 Stat. 231 (May 11, 2005). Although Congress was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

silent as to the effect of the Real ID Act on § 2241 cases pending on appeal, we have held that habeas petitions on appeal on May 11, 2005, the REAL ID Act's effective date, "are properly converted into petitions for review." Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006). Accordingly, we will treat Galvan's appeal as a petition for review.

The parties also dispute whether we can consider only the Board of Immigration Appeals (BIA) decision or the decisions of the immigration judge (IJ) and BIA. This court generally has the authority to review only decisions of the BIA, not decisions of an IJ. See Alarcon-Chavez v. Gonzales, 403 F.3d 343, 345 (5th Cir. 2005). However, this court may review an IJ's decision if that decision had some impact on the BIA's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

In dismissing Galvan's appeal and affirming the IJ's decision, the BIA expressly, though succinctly, noted that the IJ had taken into account the positive and negative equities and made no clear error in his various factual conclusions. Because the BIA relied, at least in part, on the IJ's decision, we will consider both the IJ's and the BIA's decisions. Mikhael, 115 F.3d at 302.

Galvan raises four claims: (1) the BIA failed to issue a sufficiently reasoned decision that addressed the legal and factual issues which he raised; (2) the BIA's decision violated

its regulations and did not satisfy Galvan's due process rights; (3) Galvan was substantially prejudiced by the BIA's failures; and (4) his appeal should have been referred to a three-member panel.

Alleged Inadequacy of the BIA's Decision

Galvan alleges that the BIA failed to issue a sufficiently reasoned decision that addressed the legal and factual issues which he raised. In part, he bases this claim on assertions that this court can consider only the BIA's decision and that the BIA's decision standing alone fails to provide an adequate basis for this court to review the BIA's legal and factual conclusions.

As noted above, this court can consider the decisions of the IJ and BIA in this petition for review. See Mikhael, 115 F.3d at 302. The BIA's decision, while succinct, agreed with the IJ's extensive factual analysis and legal conclusions. The IJ considered Galvan's factual and legal arguments and, in compliance with BIA precedent, weighed the positive and negative equities. Because there is substantial evidence in the record to support the IJ's and BIA's conclusions, Galvan's contention that the BIA's decision was inadequate is unavailing. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Alleged Violations of BIA Regulations and Galvan's Due Process Rights

Galvan contends that the BIA abused its discretion when it considered non-record factors, its workload and litigation

priorities.  This court has rejected similar arguments.  <u>See</u>

<u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 832-33 (5th Cir. 2003).

Galvan also asserts that the BIA failed to give meaningful

consideration to the substantial evidence in favor of his claim

and violated Galvan's due process rights by failing to engage in

<u>de novo</u> review of the IJ's legal conclusions and application of

pertinent standards.  The BIA did not violate Galvan's due

process rights by relying on the reasons set forth by the IJ.

<u>Soadjede</u>, 324 F.3d at 832-33.

As noted above, the IJ considered the positive and negative

equities as required by BIA precedent, including Galvan's claim

of rehabilitation and the evidence opposed to this claim.  After

doing so, the IJ found that Galvan failed to carry his burden of

showing he was entitled to § 212(c) relief.  Because there is no

evidence in the record which compels a contrary conclusion, the

BIA did not abuse its discretion when it affirmed the IJ's

decision.  <u>Chun</u>, 40 F.3d at 78.

Galvan also contends that the BIA abused its discretion by

denying his unopposed motion to remand.  The BIA routinely treats

motions to remand as motions to reopen.  <u>See</u> <u>Ogbemudia v. INS</u>,

988 F.2d 595, 599-600 (5th Cir. 1993); <u>Matter of Coelho</u>, 20

I. & N. Dec. 464, 471 (BIA 1992).  The BIA applies the same

standards to a motion to remand as it does to a motion to reopen,

and this court reviews both motions for an abuse of discretion.

<u>Ogbemudia</u>, 988 F.2d at 600.

The BIA must deny a motion to reopen if it finds that the movant has not introduced previously unavailable, material evidence or if the movant has not established a prima facie case for the underlying substantive relief sought. Ogbemudia, 988 F.2d at 599-600. Further, even if a movant establishes those threshold requirements, the BIA may deny a motion to reopen if it determines that "the movant would not be entitled to the discretionary grant of relief." Id. at 600 (internal quotation marks and citation omitted).

The BIA did not abuse its discretion in denying Galvan's motion to remand. The IJ stated that his decision would not be affected even if Galvan's 1990 conviction had been lowered to a misdemeanor. Further, the IJ based his decision that Galvan failed to establish his rehabilitation, in part, on Galvan's use of cocaine in relation to the 2001 conviction. Thus, Galvan was not entitled to a remand based on his "new" evidence related to his 1990 and 2001 convictions, and the BIA did not err when it failed to order a remand or to address the motion to remand. Roy v. Ashcroft, 389 F.3d 132, 139-40 (5th Cir. 2004); Ogbemudia, 988 F.2d at 599-600.

Alleged Need for Referral to a Three-Member Panel

Galvan contends that, under 8 C.F.R. § 1003.1(e)(6)(iii), (v), (vi), a three-member panel was required to hear his appeal to the BIA. The immigration regulations state that, "[u]nless a case meets the standards for assignment to a three-member panel

under paragraph (e)(6) of this section, all cases shall be assigned to a single Board member for disposition." 8 C.F.R. § 1003.1(e). A three-member panel is appropriate only if there is a need "to review a decision by an immigration judge . . . that is not in conformity with the law or with applicable precedents," "to review a clearly erroneous factual determination by an immigration judge," or "to reverse the decision of an immigration judge or the Service, other than a reversal under § 1003.1(e)(5)." § 1003.1(e)(6)(iii), (v), (vi).

Galvan has not established that the IJ's and BIA's decisions did not comply with the law or BIA precedent. Similarly, he has not proven that the BIA's or IJ's decisions were based on clearly erroneous factual findings. Finally, Galvan has not established any other reasons that would require the BIA to reverse the IJ's decision. Accordingly, the BIA did not abuse its discretion when it failed to refer Galvan's appeal to a three-member panel.

Alleged Prejudice

Galvan argues that he was substantially prejudiced by the BIA's failure to comply with its regulations and issue a sufficiently reasoned decision that addressed his factual and legal issues. The decisions issued by the IJ and BIA sufficiently evaluated Galvan's factual and legal claims, and Galvan failed to establish that the BIA did not comply with its regulations. Because the IJ's and BIA's decisions complied with

BIA regulations, due process requirements, and this court's precedent, Galvan's claim of prejudice is unavailing.

Accordingly, Galvan's petition for review is DENIED.