[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2006
THOMAS K. KAHN
CLERK

No. 05-15775
Non-Argument Calendar

_____

BIA No. A98-395-293

CARLOS ALBERTO SIERRA PINEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 14, 2006)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Alberto Sierra Pineda petitions for review of the order by the Board of Immigration Appeals (BIA) denying his motion to reconsider its previous order affirming the immigration judge's (IJ's) denial of his motion to reopen his removal proceedings and to rescind an in absentia removal order, based on 8 C.F.R. § 1003.2(b).

## I. BACKGROUND

Mr. Pineda, a native and citizen of Colombia, was admitted to the United States on 10 June 2000 as a non-immigrant visitor for pleasure. After he had remained in the United States beyond the permitted time frame, the Immigration and Naturalization Service issued and served him with a Notice to Appear for a deportation hearing on 18 August 2004 at 9:30 a.m.. Mr. Pineda subsequently filed an application for asylum; however, he did not appear as scheduled at his appointed immigration hearing and, as such, the immigration judge ordered him removed to Colombia in absentia. According to Mr. Pineda, on the day of his hearing, he initially went to the incorrect location--the building where he filed his asylum application rather than the immigration court. After realizing his mistake, he went immediately to the correct building. Mr. Pineda says that he arrived at the courthouse at 9:30 a.m., but, due to a delay in determining the appropriate room for his hearing, he only made it to the courtroom after the order had been entered. He then proceeded to the clerk's office, where his copy of the notice to appear was

2

stamped with the current time, 9:47 a.m.. The exact timing of Mr. Pineda's arrival

is unclear, however, as the IJ declared that the order was entered "well after the

9:30 appointment" at a point in time when Mr. Pineda had not appeared as

scheduled. R1-30.

## II. DISCUSSION

We review the BIA's denial of a motion to reconsider for an abuse of

discretion. See Assa'ad v. United States Attorney Gen., 332 F.3d 1321, 1341 (11th

Cir. 2003); 8 C.F.R. 1003.2(a). In so doing, we give "very broad discretion" to the

BIA. Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (per curiam). Under

this standard, the petitioner must show that the BIA reached its decision in an

"arbitrary or irrational manner" in order for us to find such an abuse. Gomez-

Gomez v. I.N.S., 681 F.2d 1347, 1349 (11th Cir. 1982).

The Immigration and Nationality Act (INA) provides that an alien who does

not appear for a hearing after receiving written notice "shall be ordered removed in

absentia if the Service establishes by clear, unequivocal, and convincing evidence

that the written notice was so provided and that the alien is removable." 8 U.S.C.

§ 1229a(b)(5)(A). Such an order may be rescinded upon a motion to reopen if the

alien demonstrates that he failed to appear because of "exceptional circumstances."

8 U.S.C. § 1229a(b)(5)(C)(i). According to the INA, "exceptional circumstances"

would include situations "beyond the control of the alien," including "serious

3

illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances."  8 U.S.C. 1229a(e)(1).

Mr. Pineda is unable to show that his situation would fall under the INA's definition of "exceptional circumstances."  Based on the language of the statute, Mr. Pineda's episode does not seem to be of the same type as the events discussed in the INA.  Additionally, there are no cases that directly support Mr. Pineda's argument.  He cites Matter of Singh as showing that a short delay in appearing before the court can constitute such a circumstance; however, that case actually describes a tardiness due to the illness of a family member, which more closely resembles the examples given in the INA than does Mr. Pineda's situation.  Int. Dec. 3324.  Additionally, this case is distinguishable from those other instances in which courts have found that a delay can constitute "exceptional circumstances," as here we have no evidence that the holdup was due in part to misdirection or confusion caused in part by court officials.  See Nazarova v. I.N.S., 171 F.3d 478 (7th Cir. 1999) (involving a tardiness due to not being provided an interpreter); Romani v. I.N.S., 146 F.3d 737 (9th Cir. 1998) (dealing with a staff instruction to not to appear in the courtroom).

Also the BIA did not abuse its discretion in rejecting the motion to reopen. Other circuit courts have found that situations akin to Mr. Pineda's, in which a decision was entered in absentia when the alien was less than thirty minutes late for

4

the hearing, can constitute an abuse of discretion. See Alarcon-Chavez v.

Gonzales, 403 F.3d 343 (5th Cir. 2005); Jerezano v. I.N.S., 169 F.3d 613 (9th Cir.

1999). However, we have never previously made such a finding. Given our

general reluctance to find an abuse of discretion by the BIA, we thus defer to its

judgment, particularly in a case like this, in which the BIA properly considered

whether its prior decision was incorrect and its conclusion was permissible under

the relevant law. In performing its review, the BIA first determined that no new

evidence or errors of fact or law had been brought up by Mr. Pineda. Bearing this

in mind, the BIA found that Mr. Pineda's situation did not constitute an

exceptional circumstance, especially since he did not initially go to the correct

location for the hearing. Since no "exceptional circumstance" existed, the INA

allowed the BIA to legally reject the motion to reopen if it deemed fit to do so.

Mr. Pineda also asks us to examine his claim of eligibility for asylum based

on past persecution and fear of future persecution. The INA requires the alien to

exhaust all administrative remedies in order for us to review a final order for

removal. 8 U.S.C. § 1252(d)(1). Thus if an individual "fail[s] to raise . . .

arguments before the IJ and BIA, we lack jurisdiction to address them." Galindo-

Del Valle v. Attorney Gen., 213 F.3d 594, 599 (11th Cir. 2000) (per curiam),

superseded on other grounds by statute as stated in, Balogun v. United States

5

<u>Attorney Gen.</u>, 425 F.3d 1356, 1359 (11th Cir. 2005), <u>cert. denied</u>, __U.S.__, __S.Ct.__, No. 05-1156 (May 1, 2006).

Mr. Pineda's claim of both past persecution and fear of future persecution may have sufficient backing, but he refrained from making this argument before the BIA. Though he checked the box on his Notice of Appeal asserting that he would argue the merits of the IJ's removal decision, nothing in the text of his appeal addressed this issue specifically. Given this lack of textual discussion, it seems inappropriate for us to assert that Mr. Pineda argued the asylum claim before the BIA. As such, he has not exhausted all of his administrative remedies with respect to this claim, and we thus lack jurisdiction to hear it.

### III. CONCLUSION

Mr. Pineda has failed to show an abuse of discretion by the BIA in rejecting his motion to reconsider his motion to reopen removal proceedings. Additionally, his situation does not constitute an "exceptional circumstance," which would require the reopening of such proceedings. His petition to reopen the motion to reconsider is thereby denied.

Due to Mr. Pineda's failure to exhaust his administrative remedies by challenging the denial of his applications for relief before the BIA, we lack jurisdiction to consider Pineda's arguments that he established eligibility for asylum and relief under the CAT. We therefore dismiss this portion of his suit.

6

**PETITION DENIED IN PART, DISMISSED IN PART.**