

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# Sultana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sultana v. Atty Gen USA" (2008). *2008 Decisions*. Paper 480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3945
_____

RAFIA SULTANA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-436-001
(U.S. Immigration Judge:  Honorable Annie S. Garcy)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed September 26, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Rafia Sultana petitions for review of an order of the Board of Immigration Appeals

("BIA") affirming the denial of her motion to reopen her removal proceedings.  Sultana

sought to reopen the proceedings after the Immigration Judge ("IJ") entered an order of

removal in absentia when Sultana failed to appear at a scheduled removal hearing. For the reasons that follow, we will deny the petition for review.

I.

Sultana is a native and citizen of India who was placed in removal proceedings in November 2004. A master hearing was scheduled to take place on December 28, 2004. This hearing was, however, subsequently rescheduled six times. At a hearing held on October 27, 2005, proceedings were continued once again to provide Sultana an opportunity to file an application for asylum. It appears that sometime thereafter, Sultana filed, or attempted to file, an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At the following hearing, which took place on November 28, 2005, Immigration Judge ("IJ") Annie S. Garcy apparently questioned whether Sultana had properly filed her I-589 application, and instructed her to provide proof of filing by December 30, 2005. IJ Garcy further instructed Sultana to provide the Department of Homeland Security with her biometric information no later than December 30, 2005, and to submit any additional supporting evidence by May 12, 2006. At the close of the hearing, IJ Garcy scheduled the removal hearing for July 31, 2006.

Approximately one month before the removal hearing, IJ Garcy issued a Memorandum on Case Status reporting that Sultana had failed to provide the requested documentation, including proof of a properly filed I-589. As a result, the IJ stated that she planned to deny Sultana's application for asylum. In response, Sultana's attorney,

2

Adebola O. Asekun, submitted a revised I-589 and informed the IJ that the original had been sent to Lincoln, Nebraska, for further action. At that time, Attorney Asekun also confirmed that Sultana's removal hearing was scheduled to take place before IJ Garcy on July 31, 2006, at 9:00 a.m.

When the July 31, 2006 hearing commenced, however, neither Sultana nor her attorney was present. Given that Sultana had previously conceded removability, IJ Garcy entered an order of removal in absentia. Later that day, one of Attorney Asekun's colleagues, Charlesa London, filed a motion to reopen the proceedings, explaining that she and Attorney Asekun thought that Sultana's hearing was scheduled for 1:00 p.m. that day. In support of the motion, Sultana submitted a statement explaining that Attorney Asekun's paralegal had misinformed her that the hearing was scheduled for 1:00 p.m., and that she herself had arrived at the courthouse at 11:30 a.m. fully prepared for a 1:00 p.m. hearing.

By order entered August 18, 2006, IJ Garcy denied the motion to reopen on the ground that Sultana had failed to demonstrate exceptional circumstances excusing her failure to appear. See 8 U.S.C. § 1229a(b)(5)(C). Upon review, the Board of Immigration Appeals ("BIA") affirmed.[1] The present petition for review followed.

---

[1]While Sultana's motion to reopen was on appeal before the BIA, Sultana filed a motion for reconsideration with the IJ. The BIA treated the motion for reconsideration as a motion to remand under 8 C.F.R. § 1003.2(b), and denied it on the ground that it was numerically barred. See 8 C.F.R. § 1003.23(b). In her brief, Sultana does not challenge this aspect of the BIA's order.

3

II.

We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252(a)(1). We review the denial of a motion to reopen a removal order entered in absentia for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). We review de novo the legal question whether an alien's due process rights were violated. Chong v. INS, 264 F.3d 378, 386 (3d Cir. 2001).

Under the Immigration and Nationality Act, when an alien "does not attend" a removal proceeding after written notice has been provided to the alien or the alien's counsel of record, the IJ must order the alien removed in absentia "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded, however, if the alien moves to reopen and demonstrates that her failure to appear was because of, inter alia, "exceptional circumstances." See 8 U.S.C. § 1229a(b)(5)(C). The term "exceptional circumstances" refers to circumstances beyond the control of the alien such as "battery or extreme cruelty to the alien . . . , serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien . . . ." 8 U.S.C. § 1229a(e)(1).

In the present case, the BIA agreed with IJ Garcy that Sultana had failed to appear at the July 31, 2006 removal hearing, and that she did not demonstrate "exceptional circumstances" to justify reopening the hearing. Sultana argues, however, that her

4

tardiness did not constitute a failure to appear within the meaning of the statute, and that the in absentia order was entered in violation of her due process rights. We disagree.

In support of her argument, Sultana relies on this Court's decision in Cabrera-Perez v. Gonzales, where we found that an alien's minimal tardiness did not rise to the level of a "failure to appear." 456 F.3d 109, 116 (3d Cir. 2006). In that case, the alien, Dominga Cabrera-Perez, arrived at the courthouse 15 to 20 minutes after her removal hearing was scheduled to commence on account of unexpected traffic. Id. at 113. The IJ found that Cabrera's tardiness amounted to a failure to appear and entered an order of removal in absentia. See INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). The IJ subsequently denied Cabrera's motion to reopen and the BIA affirmed. Cabrera-Perez, 456 F.3d at 114. Cabrera petitioned for review, contending that her tardiness did not constitute a failure to appear. Id. Upon review, this Court agreed, concluding that, "[w]hen the delay is as short as it was here, there have been no prior instances of tardiness, and the IJ is either still on the bench or recently retired and close by, it is a due process violation to treat the tardiness as a failure to appear." Id. at 116; see also Jerezano v. INS, 169 F.3d 613, 615 (9th Cir. 1999) (holding that alien who arrived 15 to 20 minutes late, and while the IJ was still on the bench, did not fail to appear); Alarcon-Chavez v. Gonzales, 403 F.3d 343, 345-46 (5th Cir. 2005) (holding that arriving in the courtroom 20 minutes late while the IJ is either still on the bench or recently retired and close by does not constitute a failure to appear).

We agree with the BIA that the facts of Cabrera-Perez are distinguishable from

5

those here. Whereas the petitioner in <u>Cabrera-Perez</u> arrived at the courthouse only 15 to 20 minutes late, Sultana did not arrive until two hours after IJ Garcy had concluded the hearing, and attorney London did not appear for another two hours after that. Moreover, as the BIA explained, there is no indication in this case, unlike in <u>Cabrera-Perez</u>, that IJ Garcy was still available for a hearing when Sultana and her attorney arrived later that day. In fact, the record reflects that IJ Garcy was already engaged in other proceedings when Sultana and her Attorney London appeared before her. Therefore, we find that the BIA correctly concluded that Sultana failed to appear at the removal hearing. As a result, she was required to show that exceptional circumstances excused her failure to appear.[2] <u>See</u> 8 U.S.C. § 1229a(b)(5)(C)(i). We agree with the BIA that Sultana's misunderstanding about the time of the hearing is not the type of "exceptional" circumstance contemplated by 8 U.S.C. § 1229a(e)(1).[3]

### III.

In sum, and in light of the broad deference that we must accord the BIA's decision, see <u>Zheng v. Gonzales</u>, 422 F.3d 98, 106 (3d Cir. 2005), we cannot say that the BIA

---

[2]Sultana does not argue that she demonstrated either of the other bases in 8 U.S.C. § 1229a(b)(5)(C) for rescinding a removal order entered in absentia.

[3]In her brief, Sultana does not attempt to demonstrate that her failure to appear was due to "exceptional circumstances," but instead argues that the BIA failed to articulate the basis for its finding that Sultana failed to demonstrate exceptional circumstances, and asks this Court to remand the case to the BIA with instructions to provide "at least enough detail so that there can be meaningful judicial review." (Petitioner's Br. at 39.) We believe, however, that the BIA's opinion provides sufficient detail to allow judicial review.

abused its discretion in affirming the IJ's denial of Sultana's motion to reopen.

Accordingly, we will deny her petition for review.