# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2010

No. 09-60438
Summary Calendar

Lyle W. Cayce
Clerk

DONG YANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 517 361

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dong Yang, a native and citizen of China, seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen. We DENY the petition.

When Yang failed to appear at a master calendar hearing in San Antonio the IJ ordered him removed in absentia. Yang moved to reopen the proceedings, contending that he missed his hearing due to a misunderstanding about his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60438

flight from New York City to San Antonio on the day before the hearing. Yang mistakenly believed that the flight would be nonstop, so when the plane landed in Memphis for refueling he got off. By the time Yang discovered his error, the plane had left without him, and Yang was forced to take a flight the next morning, which resulted in his arriving at the hearing approximately three hours late. The IJ determined that Yang failed to show exceptional circumstances warranting the reopening of the case. The BIA agreed and dismissed the appeal. Yang now seeks review in this court.

We review the denial of a motion to reopen under a highly deferential abuse of discretion standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We will affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation and citation omitted).

An alien may be ordered removed in absentia if (1) the alien fails to appear for his scheduled hearing despite receipt of a proper hearing notice, and (2) the Government establishes that the alien is removable. *See* 8 U.S.C. § 1229a(b)(5)(A). Such a removal order may be rescinded only upon "a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Id*. § 1229a(b)(5)(C)(i).

Yang argues that the only question we need to decide is whether he actually failed to appear for his hearing. He contends that his arrival at the courthouse three hours after the scheduled hearing time constitutes mere tardiness and not a failure to appear. He relies on our decision in *Alarcon-Chavez v. Holder*, 403 F.3d 343 (5th Cir. 2005). In that case, the petitioner missed the proper highway exit during rush hour traffic and arrived a mere

No. 09-60438

twenty minutes after the scheduled hearing time, and five minutes after the IJ had issued the removal order. Meanwhile, the IJ had retired to a room across the hall from the courtroom. *Id.* at 344–45. The petitioner made every effort to persuade the IJ to resume the hearing and filed a motion to reopen within five days. *Id.* at 346. We held that under those circumstances the petitioner had not failed to attend his hearing, and it was an abuse of discretion to deny the motion to reopen. The case is distinguishable from the instant matter, however.

Unlike *Alarcon-Chavez,* Yang was three hours late to the hearing. This was not the same minimal tardiness present in *Alarcon-Chavez* and similar sister circuit decisions. *See, e.g., Abu Hasirah v. Dep't of Homeland Sec.*, 478 F.3d 474, 479 (2d Cir. 2007) (petitioner was 15 minutes late for hearing); *Cabrera-Perez v. Gonzales*, 456 F.3d 109, 117 (3d Cir. 2006) (petitioner arrived 15–20 minutes late). Furthermore, Yang asserts that he did appear and arrived just as the IJ was leaving the courtroom, but there is no evidence that the IJ was ever made aware that Yang was in the courthouse. *See Alarcon-Chavez*, 403 F.3d at 346 (finding unacceptable the IJ's refusal to step back across the hall into the hearing room to consider petitioner's case). Yang contends that he sought assistance from the clerk's office but was merely given a note with the name and phone number of his attorney, who he says had filed a motion to withdraw and was no longer representing him. The record shows, however, that counsel was still the attorney of record for Yang and was present for the hearing yet had no explanation for Yang's whereabouts.[1] Finally, Yang waited two weeks before filing his motion to reopen after the removal order and therefore failed to demonstrate the same alacrity in seeking reopening as the petitioner

---

[1] Yang's current appellate counsel contends that he had also filed an appearance and had attempted to contact the clerk about Yang's delayed arrival. This argument was not raised before the BIA, however, and is not properly before us. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2004).

No. 09-60438

in *Alarcon-Chavez*. The BIA did not abuse its discretion in concluding that Yang failed to appear for his hearing.

Yang next devotes several pages of his brief to a discussion of the evidence showing that he justifiably believed his flight was nonstop and whether the airline offered a nonstop flight at the time of his hearing. To the extent that Yang is arguing his failure to appear was due to exceptional circumstances, the argument is unavailing. Exceptional circumstances justifying the reopening of the removal order must be "beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). Typically, these circumstances are "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien[.]" *Id*.

According to Yang, he was supposed to take an early morning flight to San Antonio and ended up on the afternoon flight that landed in Memphis because he did not have the proper identification to board the earlier flight and had to re-book his travel. We agree with the Government that the fact that Yang was able to secure proper identification and then board the later flight on the same day seriously undermines Yang's argument. Yang was forced to take the ill-fated later flight only because he lacked proper identification earlier. His experience on the afternoon flight is regrettable, but his ability to obtain proper identification for later travel on the same day shows that Yang's travel difficulties were not exceptional circumstances beyond his control. The BIA did not abuse its discretion in denying the motion to reopen.

The petition for review is DENIED.