**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60402
Summary Calendar

GUSTAVO SANCHEZ; CINTHYA LIZETH SANCHEZ-GONZALES; YAZMIN
YAMILETH SANCHEZ-GONZALEZ

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 624 017
BIA No. A97 744 237
BIA No. A97 744 246

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gustavo Sanchez ("Sanchez") and his two daughters, Cinthya Lizeth
Sanchez-Gonzales ("Cinthya") and Yazmin Yamileth Sanchez-Gonzalez
("Yazmin"), petition this court for a review of a decision of the Board of
Immigration Appeals ("BIA") dismissing their appeal of an order of an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Sanchez has not challenged the denial of his asylum application as untimely. Therefore, we do not address his application, or Cinthya and Yazmin's derivative applications, for asylum. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Sanchez challenges the denial of his claim for withholding of removal. He argues that the IJ and BIA erred in their determinations that he was not credible. The IJ and the BIA gave specific, cogent reasons for the adverse credibility determination that were based on the evidence in the record. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Although Sanchez has presented alternative explanations for the apparent inconsistencies and contradictions in his testimony, we conclude that the record in this case does not compel a different conclusion regarding Sanchez's lack of credibility. *Mwembie v. Gonzales,* 443 F.3d 405, 410 (5th Cir. 2006). Determining the credibility of witnesses is a task for the BIA and the IJ who see and hear those witnesses. We do not, largely because we cannot, "review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). As the decision was based on a credibility decision, we decline to review the withholding of removal as to Sanchez.

Cinthya filed a separate application seeking asylum and withholding of removal based on alleged persecution by gang members. Cinthya's request for asylum is based on her prior persecution and fear of future persecution due to her "membership in a particular social group . . . ." 8 U.S.C. § 1101(a)(42)(A). Though the BIA found Cinthya's testimony about the events to be credible, the BIA also found that Cinthya had not shown that unmarried women who had been raped and given birth constituted a particular social group as meant in this statute. The BIA also found that the harm she suffered had not been shown to have arisen from her being a member of this particular social group.

2

Specifically, the BIA found she was a tragic victim of criminal conduct, not of persecution for social group membership.

We do not address whether Cinthya was a member of a relevant social group in Honduras. Instead, we sustain the BIA's denial of asylum because Cinthya has not shown that the record compels a finding of a "particularized connection" between her fear of future persecution and her membership in a particular social group. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). The social group that is defined in her brief is composed of "unmarried women in Honduras, who lost their virginity, become pregnant through rape, and gave birth outside of wedlock." She is representing herself on this appeal, and we find it reasonable to broaden her claimed social group to include all women who have been raped. Part of her unfortunate story, though, is that the initial attack on her occurred before she was in the larger social group we described, and her second attack occurred before she became a member of the social group she identifies. Only after that second attack did she became a member of the social group that she has described.

This evidence simply does not support a finding that a particularized connection existed. Instead, the gang members continued to engage in the same abhorrent criminal conduct in which they had engaged before she was first assaulted. *See Thuri v. Ashcroft,* 380 F.3d 788, 792-93 (5th Cir. 2004).

Cinthya has been particularly vulnerable to criminal attacks. Our asylum laws, though, are not written to provide sanctuary solely because of such victimization. She has understandably sought to present a claim that would conform to the requirements of asylum, but we find that she has failed to do so. Because she has not established a claim for asylum, she can not meet the higher standard for withholding of removal. *See Eduard*, 379 F.3d at 186 n.2.

Sanchez also argues that error existed in the IJ's determination that he had not proven he "would be tortured by the government of Honduras or with its knowing acquiescence." The BIA rejected the argument that the IJ applied the

3

incorrect legal standard. This court has found "willful blindness" to be the proper concept to apply to a government's attitude about torture. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002). The BIA concluded that "knowing acquiescence" might be seen as equivalent to willful blindness. Regardless, the BIA specifically found insufficient evidence of willful blindness by the government.

To the extent the petitioners challenge the merits of the denial of their CAT claims, they have not shown the record compels a contrary conclusion.

The petitioners move for appointment of counsel, but this case does not present the exceptional circumstances required for such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The petition for review is DENIED.