**Ridhi PARSOTTAMBHAI–PATEL, also known as Ranjita Parsottabnhai–Patel, Petitioner**

**v.**

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 13–60372**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 29, 2014.

Conor Paul McEvily, Gwendolyn Johnson Samora, Vinson & Elkins, L.L.P., Nicholas David Stepp, Vinson & Elkins, L.L.P., Houston, TX, for Petitioner.

John Beadle Holt, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM: [*]

Ridhi Parsottambhai–Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The immigration judge (IJ) determined that Parsottambhai–Patel was not credible and had failed to establish that she was entitled to relief and ordered Parsottambhai–Patel removed to India. The BIA agreed and affirmed the IJ's decision, dismissing the appeal.

Parsottambhai–Patel contends the BIA erred in affirming the IJ's decision denying her motion to amend her asylum application and making an adverse credibility determination, resulting in denial of asylum, with-holding of removal, and relief under the CAT. She concedes her petition does not challenge the BIA's determinations regarding, *inter alia,* her failure to meet the burden of proof for withholding of removal or relief under the CAT. Accordingly, those contentions have been abandoned. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003).

Regarding the BIA's affirming the IJ's denial of her motion to amend the asylum application, Parsottambhai–Patel notes that, "as a matter of discretion, ... [the IJ's] having jurisdiction may permit an asylum applicant to amend or supplement the application". 8 C.F.R. § 1208.4(c) (amending application after filing). Such denial is reviewed for abuse of discretion. *See Alarcon–Chavez v. Gonzales,* 403 F.3d 343, 345 (5th Cir.2005). Parsottambhai–Patel concedes, however, that the IJ al-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

lowed her to testify regarding the supplemental information at the hearing. She also does not challenge the BIA's holding that the IJ could have considered the inconsistencies between the original and amended applications for the purpose of determining credibility. Parsottambhai–Patel has shown neither that the IJ abused his discretion by making a legal error in denying the motion to amend, nor that any claimed error prejudiced her claims for relief.

Regarding the IJ's adverse credibility determination, generally, this court reviews only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision". *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir.2009). Where the BIA affirms based on the IJ's reasoning, we may review the decisions of both the BIA and the IJ. *Id.* We review the factual determination that an alien is not eligible for asylum under the substantial-evidence standard. *E.g., id.* at 536–37. Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could [make such an adverse credibility ruling]". *Id.* at 537–38.

Parsottambhai–Patel contends the IJ and BIA erred in making an adverse credibility determination because the discrepancies relied upon were insubstantial. However, in making a credibility determination, the trier of fact considers the totality of the circumstances "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor". 8 U.S.C. § 1158(b)(1)(B)(iii) (credibility determinations). Although Parsottambhai–Patel provides reasonable explanations for some of the omissions and discrepancies, she has not shown, based on the totality of the circumstances, that no reasonable factfinder could make the same adverse credi-

bility ruling. *Cf. Sanchez v. Holder*, 332 Fed.Appx. 199, 201 (5th Cir.2009) (noting Sanchez provided "alternative explanations for the apparent inconsistencies and contradictions" but concluded the record did not "compel a different conclusion" regarding his credibility).

DENIED.