# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2010

Lyle W. Cayce
Clerk

No. 09-60910
Summary Calendar

ALMA DEYANIRA GUILLEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 785 211

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alma Deyanira Guillen, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of the motion to reopen her in absentia removal proceedings. Guillen does not dispute that she was removable as charged, and she has abandoned any challenge to the BIA's determination that she received the required statutory notice. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Instead, she contends that her attorney mistakenly informed her that the hearing was scheduled for 1:30 p.m., rather than 9:00 a.m. Because she appeared at the time her attorney told her to appear, Guillen argues that her late appearance should not have been considered a failure to appear. Alternatively, Guillen argues that she demonstrated exceptional circumstances for her failure to appear.

The BIA determined that Guillen had not provided any details of the circumstances surrounding her late arrival, including whether she spoke with immigration court personnel, whether the IJ was still on the bench, or what, if any, efforts were made to contact the IJ. Thus, the BIA concluded that Guillen had failed to demonstrate that her late appearance should be excused.

For the first time in her petition for review, Guillen contends that upon her arrival at the courthouse, she informed immigration court personnel that she had understood the IJ to say that the hearing was scheduled for 1:30 p.m, rather than 9:00 a.m. An immigration court employee advised Guillen that the IJ was still available and asked that she wait a moment. When the immigration court employee returned, she advised Guillen to file a motion to reopen. Because review is limited to the administrative record, this court may not consider facts raised for the first time on appeal. *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). Further, although Guillen arrived at the courthouse during business hours and had diligently appeared at all prior hearings, she arrived four and one-half hours late and waited 77 days to file a motion to reopen. Therefore, the BIA did not abuse its discretion in treating Guillen's late arrival as a failure to appear. *Cf. Alarcon-Chavez v. Gonzales*, 403 F.3d 343, 345-46 (5th Cir. 2005) (concluding that it was legal error, and therefore an abuse of discretion, to hold that the petitioner's 20-minute tardiness constituted a failure to appear where he had been on time to all prior hearings, made every effort to get the IJ to resume the hearing, and upon learning that the IJ steadfastly refused to conduct the hearing, filed a motion to reopen five days later).

Likewise, the BIA did not abuse its discretion in concluding that Guillen failed to demonstrate exceptional circumstances for her failure to appear. Although Guillen contends that her attorney mistakenly informed her that the hearing was scheduled for 1:30 p.m, counsel did not execute an affidavit in support of Guillen's motion to reopen and counsel's statements in the motion and subsequent briefs are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). Further, the record is silent as to whether or when counsel arrived at the courthouse and what steps, if any, she took upon her arrival. While this court has held that erroneous advice from counsel can constitute exceptional circumstances warranting rescission of an in absentia removal order, *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801-02 (5th Cir. 2007), Guillen neither alleged ineffective assistance of counsel nor attempted to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Therefore, she has not shown that the BIA's decision was capricious, racially invidious, without foundation in the evidence, or otherwise so irrational that it was arbitrary. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

Finally, Guillen contends that the denial of her motion to reopen was unconscionable and a violation of her due process rights because she is eligible for cancellation of removal. As previously stated, Guillen has abandoned any challenge to the BIA's determination that she received the required statutory notice. Further, the denial of a motion to reopen cannot violate an alien's due process rights because the relief sought in such a motion is discretionary in nature. *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Therefore, Guillen's due process claim is without merit.

Accordingly, Guillen's petition for review is DENIED.