# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2022

Lyle W. Cayce
Clerk

No. 21-60395
Summary Calendar

---

Alma Deyanira Guillen,

*Petitioner,*

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 785 211

---

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Alma Deyanira Guillen, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her motion to reconsider its denial of her second motion to reopen.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60395

On May 23, 2008, petitioner failed to appear at a hearing for which she had received notice. The IJ issued an *in absentia* order of removal against her. Petitioner moved to rescind the order and reopen the removal proceedings, claiming her attorney had mistakenly advised her of the hearing time. After the IJ denied the motion, petitioner appealed to the BIA, and the BIA dismissed the appeal. She then petitioned this court for review, and we denied the petition. *See Guillen v. Holder*, 397 F. App'x 30 (5th Cir. 2010) (per curiam) (holding BIA did not abuse its discretion in concluding Guillen failed to demonstrate exceptional circumstances sufficient to excuse her failure to appear).

In 2017, petitioner (through new counsel) filed with the IJ a second motion to reopen her removal proceedings, invoking *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) (setting out procedural requirements needed to support a claim for ineffective assistance of counsel). She conceded her motion failed to comply with the INA's timing and numerical requirements. *See* 8 U.S.C. § 1229a(c)(7)(A) (permitting only one motion to reopen proceedings under this section); *see also id.* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring such a motion to be filed within 90 days of entry of a final administrative order of removal). But she argued she was entitled to equitable tolling. *See Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016).

The IJ denied petitioner's second motion to reopen, holding petitioner's 2008 appeal to the BIA had divested the IJ of jurisdiction over the matter. Petitioner next filed with the IJ a motion to reconsider. She argued that this court's decision in *Singh v. Gonzales*, 436 F.3d 484 (5th Cir. 2006), permitted the IJ to exercise jurisdiction over her motion. Unpersuaded by her reading of *Singh*, the IJ denied the motion and reiterated that petitioner's only option was to file a motion to reopen with the BIA.

Petitioner appealed to the BIA, which adopted and affirmed the IJ's decision. The Board agreed the IJ lacked jurisdiction and dismissed the appeal. We review the BIA's decision and consider the underlying decision of the IJ to the extent it influenced the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review questions of law *de novo*, and we review factual findings under a substantial evidence standard. *Jaco v. Garland*, 24 F. 4th 395, 401 (5th Cir. 2021). The denial of a motion to reconsider is reviewed under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Petitioner has failed to show that the BIA erred in affirming the IJ's denial of her motion. On November 13, 2009, the BIA dismissed Guillen's appeal of the IJ's denial of her first motion to reopen. Thereafter, "jurisdiction over any subsequently filed motions to reopen was vested with the BIA." *Chande v. Barr*, 763 F. App'x 355, 356 (5th Cir. 2019) (per curiam); *see also In re C-W-L-*, 24 I. & N. Dec. 346, 350 (BIA 2007) ("[A] motion to reopen must be filed with the last body that issued an administratively final order of removal."); 8 C.F.R. § 1003.2 (conferring authority on the BIA to adjudicate a motion to reopen when jurisdiction is vested with the BIA); 8 C.F.R. § 1003.23(b)(1) (prohibiting reopening by an IJ where jurisdiction is vested with the BIA).

Like both the IJ and the BIA, we are unpersuaded by petitioner's reading of *Singh*. As we explained in that case, the INA permits an alien to challenge an *in absentia* removal order by filing *one* motion to reopen with the IJ. *Singh*, 436 F.3d at 490 ("[B]y filing the *in absentia* motion with the IJ, the alien has exhausted the *one* class of motions to reopen that the INA permits . . . there are no more reopen motions available for filing; thus an attempted filing of a second motion to reopen violates the INA."). If the IJ denies the motion, the alien may appeal to the BIA. If the BIA dismisses the appeal, any further administrative review may be pursued through a motion

to reopen or reconsider submitted only to the BIA, where jurisdiction has vested. *See id.* (recognizing that under the BIA's own regulations, it has jurisdiction to "hear motions to reopen in 'cases *in which it has rendered a decision*'"). Because the BIA issued a final administrative decision in Guillen's proceedings in 2009, the IJ did not have jurisdiction in 2017 over her second motion to reopen.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), petitioner also argues the IJ never acquired jurisdiction over her removal proceedings because her notice to appear did not specify the date and time of her hearing. In *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), we declined to "extend *Pereira*'s narrow holding beyond the stop-time rule context" and held that a defective notice to appear does not deprive the IJ of jurisdiction. *Id.* at 689. We recently reaffirmed that conclusion, explaining that *Niz-Chavez* did not "dislodge our ultimate holding" in *Pierre-Paul* or "alter our conclusion that *Pereira* does not extend outside the stop-time rule context." *Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021). Accordingly, the BIA did not abuse its discretion in concluding the notice to appear, coupled with a notice of hearing specifying the date and time of the removal proceedings, vested the IJ with jurisdiction over the proceedings.

The petition is DENIED.